J-S05027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY GUO | : | |
| | : | |
| Appellant | : | No. 643 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 30, 2022
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000564-2019

BEFORE: PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.:                    **FILED: June 27, 2024**

Appellant, Jeffrey Guo, appeals from the judgment of sentence entered in the Blair County Court of Common Pleas, following his open guilty plea to four counts of involuntary deviate sexual intercourse ("IDSI"), one count of corrupt organizations, four counts of unlawful contact with a minor, four counts of corruption of minors, one count of criminal use of a communication facility, three counts of dissemination of explicit sexual material to a minor, one count of criminal solicitation to promote prostitution, two counts of promoting prostitution, four counts of indecent assault, two counts of aggravated indecent assault, three counts of statutory sexual assault, one count of tampering with or fabricating physical evidence, three counts of possession with intent to deliver a controlled substance, and one count of

driving while operating privilege is suspended or revoked.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On February 7, 2022, Appellant entered an open guilty plea to the above-mentioned crimes.  In exchange for Appellant's plea, the Commonwealth withdrew numerous other charges.  Appellant executed a written guilty plea colloquy, and the court conducted an oral plea colloquy to confirm that Appellant's decision to plead guilty was knowing, intelligent, and voluntary.  After completion of a pre-sentence investigation report, Appellant proceeded to sentencing on November 30, 2022.  Additionally, Appellant underwent an assessment by the Sexual Offender Assessment Board ("SOAB"), and he was designated to be a sexually violent predator ("SVP").  At the sentencing hearing, the court imposed an aggregate term of 23½ to 64 years' imprisonment.  Appellant was also subject to lifetime sexual offender registration and reporting requirements.

On Monday, December 12, 2022, Appellant timely filed a post-sentence motion.  Following the court's grant of an extension of time, Appellant filed an amended post-sentence motion on February 13, 2023.  On April 10, 2023, the court granted an additional 30-day extension for the court to rule on the post-sentence motions per Pa.R.Crim.P. 720(B)(3)(b).  The court denied relief on May 4, 2023.  Appellant timely filed a notice of appeal on June 5, 2023.  On

---

[1] 18 Pa.C.S.A. §§ 3123(a)(7); 911(b)(2); 6318(a)(1); 6301(a)(1)(i); 7512(a); 5903(c)(1); 902(a); 5902(b)(1), (b)(4); 3126; 3125; 3122.1; 4910(a); 35 P.S. § 780-113(a)(30); and 75 Pa.C.S.A. § 1543, respectively.

June 12, 2023, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on June 30, 2023.

Appellant raises three issues for our review:

Did the sentencing court err in its refusal to modify [Appellant's] sentence[?]

Did the sentencing court err in its denial of [Appellant's] motion to withdraw plea[?]

Did the sentencing court err in its denial of [Appellant's] motion to reconsider [SVP] status[?]

(Appellant's Brief at 4).

In his first issue, Appellant argues that the court failed to consider the relevant sentencing factors under 42 Pa.C.S.A. § 9721(b)(1). Appellant asserts that the court focused solely on the seriousness of his crimes, which essentially resulted in the court "double counting" a factor that is already accounted for in the offense gravity score. Appellant emphasizes that he is 26 years old, and by the time he reaches his minimum term of confinement, he will be nearly 50 years old and will have difficulty successfully reintegrating into the community to become a productive member of society. Appellant stresses that he has the support of his parents, family members, and members of the community. Appellant suggests that a modified sentence of 15 to 30 years' imprisonment, followed by probation, is more appropriate in this case. Appellant concludes the court abused its sentencing discretion, and this Court

must vacate and remand for resentencing. We disagree.

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136 (Pa.Super. 2001), *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). Prior to reaching the merits of a discretionary sentencing issue, we conduct a four-part test to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v. Williams*, 562 A.2d 1385, 1387

(Pa.Super. 1989) (*en banc*) (emphasis in original) (internal quotation marks omitted). Failure of the defendant to include the requisite Rule 2119(f) statement constitutes waiver of a challenge to the discretionary aspects of a sentence if the Commonwealth objects to omission of the statement. ***Commonwealth v. Bruce***, 916 A.2d 657 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007).

Instantly, Appellant failed to include the requisite Rule 2119(f) statement in his appellate brief, and the Commonwealth objected to this omission. Consequently, Appellant's challenge to the discretionary aspects of his sentence is waived.[2] ***See*** Pa.R.A.P. 2119(f); ***Bruce, supra***.

In his second issue, Appellant argues that he entered an open guilty plea with no agreement as to what sentence would be imposed or recommended by the Commonwealth. Appellant contends that he was unaware that he could be facing almost the rest of his life in prison. Appellant claims that absent this knowledge, his guilty plea was unknowing and involuntary. Appellant concludes the court erred by denying his motion to withdraw his guilty plea, and this Court must grant relief. We disagree.

---

[2] Further, the trial court thoroughly explained its sentencing rationale on the record, confirming that the court considered all relevant factors under Section 9721(b) as well as mitigating factors. (***See*** N.T. Sentencing, 11/30/22, at 112-116). The court also thoroughly evaluated Appellant's sentencing challenge in its opinion in support of the order denying post-sentence relief. (***See*** Opinion, filed 5/4/23, at 2-3). Thus, even if Appellant had preserved his claim in a Rule 2119(f) statement, he would not be entitled to sentencing relief on the grounds alleged.

"The decision to grant or deny a motion to withdraw a guilty plea rests within the trial court's discretion, and we will not disturb the court's decision on such motion unless the court abused that discretion." ***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa.Super. 2013), *appeal denied*, 624 Pa. 687, 87 A.3d 318 (2014). "An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, and/or misapplication of law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record." ***Id.*** (internal citation omitted).

A guilty plea will be deemed valid if the record demonstrates the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. ***Commonwealth v. Rush***, 909 A.2d 805, 808 (Pa.Super. 2006). A defendant is not required to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." ***Commonwealth v. Moser***, 921 A.2d 526, 528-29 (Pa.Super. 2007). A defendant is presumed to be aware of what he is doing when he enters a guilty plea, and the defendant bears the burden to prove otherwise. ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003). Mere disappointment in the sentence does not constitute the necessary "manifest injustice" to render the defendant's guilty plea involuntary. ***Id.*** at 522.

The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. *Commonwealth v. Hodges*, 789 A.2d 764, 765 (Pa.Super. 2002) (citing Pa.R.Crim.P. 590). Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless he accepts the agreement. *Commonwealth v. Watson*, 835 A.2d 786, 796-97 (Pa.Super. 2003). "Before accepting a plea of guilty, the trial court must satisfy itself that there is a factual basis for the plea." *Commonwealth v. Stenhouse*, 788 A.2d 383, 384 (Pa.Super. 2001), *appeal denied*, 569 Pa. 705, 805 A.2d 523 (2002) (internal citations and quotation marks omitted).

Instantly, the court evaluated Appellant's claim as follows:

> This [c]ourt believes that [Appellant's] Amended Post-Sentence Motion does not carry the substantial burden of showing manifest injustice nor does it aver sufficient facts to support a claim that [Appellant's] guilty plea was unknowing or involuntary. The totality of the record in this case supports the fact that [Appellant's] plea of guilty was knowingly, intelligently, and voluntarily made. This [c]ourt incorporates the guilty plea hearing in this matter into this record and believes that the on the record colloquy and other evidence of record is sufficient to serve as a basis for a denial of [Appellant's] request to withdraw his guilty plea. … Absent additional information and evidence [to support

> his claim], this [c]ourt believes that the Motion to Withdraw Guilty Plea herein is simply raised as a result of [Appellant's] lack of satisfaction with this [c]ourt's sentence.

(Opinion, filed 5/4/23, at 4-5).

The record supports the court's analysis. Appellant executed a written guilty plea colloquy prior to entering his guilty plea, which indicated Appellant's potential sentencing exposure. Further, the court conducted a thorough oral plea colloquy, during which Appellant confirmed that plea counsel had explained the nature of the charges against him and the maximum fines and penalties that could be imposed. The prosecutor also expressly stated the factual predicate for each crime and described the maximum penalties Appellant could face on the record. *See Hodges, supra*. The record confirms that Appellant entered his guilty plea knowingly, intelligently, and voluntarily. *See Moser, supra*. As such, we see no abuse of discretion in the court's denial of Appellant's post-sentence motion to withdraw his guilty plea. *See Gordy, supra*. Therefore, Appellant's second issue on appeal merits no relief.

In his third issue, Appellant argues that his SVP designation is unconstitutional. Specifically, Appellant challenges the irrebuttable presumption of a high risk of recidivism as applied to Appellant. Appellant claims that this irrebuttable presumption encroaches on his right to reputation; is not universally true for all those required to register and is not true for Appellant; and there are reasonable alternative means to applying a

general irrebuttable presumption to Appellant.  Appellant also claims the SVP designation is unconstitutional on its face for similar reasons.[3]  Appellant concludes his SVP status is unconstitutional, and this Court must grant relief.  We disagree.

As relevant background, following ***Commonwealth v. Muniz***, 640 Pa. 699, 164 A.3d 1189 (2017) (plurality), *cert. denied*, 583 U.S. 1107, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018) and ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa.Super. 2017) ("***Butler I***"), *rev'd*, 657 Pa. 579, 226 A.3d 972 (2020) ("***Butler II***"), the Pennsylvania General Assembly enacted legislation to amend SORNA I.  ***See*** Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10").  Act 10 amended several provisions of SORNA I, and also added several new sections found at 42 Pa.C.S.A. §§ 9799.42, 9799.51-9799.75.  In addition, the Governor of Pennsylvania signed new legislation striking the Act 10 amendments and reenacting several SORNA I provisions, effective June 12, 2018.  ***See*** Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29").  Through Act 10, as amended in Act 29 (collectively, SORNA II), the General Assembly split SORNA I's former Subchapter H into a Revised Subchapter H and Subchapter I.  Subchapter I addresses sexual offenders who committed an offense on or

---

[3] ***See Commonwealth v. Muhammad***, 241 A.3d 1149, 1155 (Pa.Super. 2020) (explaining differences between facial and "as applied" constitutionality challenges; facial attack tests law's constitutionality based on its text alone without considering facts or circumstances of particular case; "as applied" attack is more limited and contends that application of law to particular person under particular circumstances deprives that person of constitutional right).

after April 22, 1996, but before December 20, 2012. *See* 42 Pa.C.S.A. §§ 9799.51-9799.75. Subchapter I contains less stringent reporting requirements than Revised Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012. *See* 42 Pa.C.S.A. §§ 9799.10-9799.42. Appellant committed his offenses in October 2017, so Subchapter H applies in this case.

In *Commonwealth v. Morgan*, 258 A.3d 1147 (Pa.Super. 2021), this Court considered as a matter of first impression the appellant's claim that his SVP designation under Subchapter I of SORNA II violated his right to reputation under the Pennsylvania constitution. There, the appellant argued that he "has a protected fundamental interest in his reputation, which…will be harmed by his having to register as an SVP." *Id.* at 1153. This Court explained:

> Although an SVP designation and the concomitant [registration, notification, and counseling] requirements infringe upon a defendant's right to reputation, it is only after [a] detailed assessment and hearing process that an individual may be subject to that infringement. Upon review, we conclude that this procedure comports with due process and that Subchapter I is narrowly tailored to its compelling state purpose of protecting the public from those who have been found to be dangerously mentally ill. Accordingly, we hold that SVP designations under Subchapter I of SORNA II are constitutional and do not violate the right to reputation under Pennsylvania's constitution.

*Id.* at 1157 (internal citation and quotation marks omitted). *See also Commonwealth v. Davey*, 299 A.3d 933, 2023 WL 3736799 (Pa.Super. filed

May 31, 2023) (unpublished memorandum),[4] *appeal denied*, \_\_\_ Pa. \_\_\_, 306 A.3d 248 (2023) (rejecting challenge that SVP designation under Subchapter H violates irrebuttable presumption doctrine).

Further, our Supreme Court recently issued its disposition in ***Commonwealth v. Torsilieri***, \_\_\_ Pa. \_\_\_, \_\_\_ A.3d \_\_\_, 2024 WL 2789201 (Pa. filed May 31, 2024), in which the Court considered "whether the General Assembly's determination, in [SORNA II], that individuals who commit sexual offenses pose a high risk of committing additional sexual offenses constitutes an unconstitutional irrebuttable presumption violative of due process, because it impairs the right to reputation under the Pennsylvania Constitution."[5] ***Id.*** at *1.

Our High Court explained:

> [T]he first issue before us concerns a presumption which largely undergirds the criminal justice system's treatment of sex offenders: that those who commit sexual offenses pose a high risk to reoffend. The General Assembly has memorialized this presumption in its legislative findings: "Sexual offenders pose a high risk of committing additional sexual offenses and protection of the public from this type of offender is a paramount governmental interest." 42 Pa.C.S. § 9799.11(a)(4). To challenge such assumptions under the irrebuttable presumption doctrine, a challenging party must demonstrate: (1) an interest protected by the due process clause; (2) utilization of a presumption that is

---

[4] ***See*** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

[5] Relevant to our analysis, we note that the defendant in ***Torsilieri*** was not an SVP. ***See id.*** at *2 (explaining that Appellee was not deemed to be SVP by SOAB).

not universally true; and (3) the existence of a reasonable alternative means to ascertain the presumed fact.

*Id.* (some internal citations omitted).

The Court noted that the parties did not meaningfully dispute the first prong of the doctrine—that "the right to reputation is protected by the due process clause and that the designation as a sexual offender, based upon a presumption of posing a high risk of recidivism, impacts one's reputation." *Id.* at *16 n.13. Turning to the second prong of the irrebuttable presumption doctrine, the Court explained that "to meet his heavy burden of establishing that the General Assembly's presumption was not universally true, Appellee was required to establish that there exists a scientific consensus that sexual offenders pose no greater risk of committing additional sexual crimes than other groups not subject to similar registration laws." *Id.* at *17.

The Court held:

> Here, Appellee's own experts concede that adult sexual offenders reoffend at a rate of at least three times higher than other individuals convicted of non-sexual offenses. Accordingly, rather than refuting it, the evidence **supports** the legislative presumption; the evidence validates the statutory underpinnings of Subchapter H. We need go no further. Having reviewed the arguments and the evidence presented below, we find that the evidence does not demonstrate a consensus that the presumption at issue is not universally true. Thus, we hold that Appellee has failed to meet his heavy burden to demonstrate that the irrebuttable presumption at issue was constitutionally infirm.

*Id.* (internal citations and footnote omitted) (emphasis in original). Based on its disposition of the second prong, the Court did not need to evaluate the

third prong of the irrebuttable presumption. Nevertheless, the Court noted that the third prong would be met because SORNA II provides "for individualized assessment of adult sexual offenders as [SVPs]." *Id.* at *16 n.13.

Instantly, we note at the outset that, unlike the defendant in *Torsilieri*, Appellant was designated an SVP. *See id.* at *2. Although Appellant claims that his SVP status violates his right to reputation as protected under the due process clause, and that the presumption of his likelihood to reoffend is not universally true, Appellant offers **no** reasonably alternative means to ascertain the presumed fact. (*See* Appellant's Brief at 18-20). The *Torsilieri* Court noted that the third prong required to challenge the irrebuttable presumption doctrine would be met for **non-SVPs** attacking their registration requirements, because a reasonable alternative means to evaluate their likelihood of re-offense would be through an individualized assessment similar to the assessments conducted for SVPs. *See Torsilieri, supra* at *16 n.13. Appellant acknowledges that the SOAB has the tools necessary to conduct individualized assessments, but he complains that the SOAB representative failed to utilize those tools in Appellant's case.[6] Thus, Appellant is essentially challenging the sufficiency of the evidence for his SVP designation based on

---

[6] Specifically, Appellant alleges that the SOAB representative testified at sentencing based only on a review of the police report, and that Appellant was not personally interviewed regarding his proclivity toward recidivism. (*See* Appellant's Brief at 18).

what he alleges was an incomplete assessment by the SOAB.[7] In the absence of any proffered "reasonable alternative means to ascertain the presumed fact," Appellant's challenge to his SVP status under the irrebuttable presumption doctrine necessarily fails.[8] ***See Torsilieri, supra***.

To the extent Appellant is advancing any challenge to the irrebuttable presumption doctrine that could implicate any registration requirement he may be subject to that falls outside his registration requirements as an SVP, our Supreme Court has now expressly held that "the evidence does not demonstrate a consensus that the presumption at issue is not universally true."[9] ***Torsilieri, supra*** at *17. Appellant does not proffer any evidence

_____

[7] Appellant did not specify a challenge to the sufficiency of the evidence for his SVP designation in his Rule 1925(b) statement, or in his amended post-sentence motion, which Appellant essentially attempted to incorporate by reference in his Rule 1925(b) statement. ***See*** Pa.R.A.P. 1925(b)(4)(viii) (stating issues not included in concise statement are waived).

[8] Further, this Court has already rejected a similar challenge that the SVP designation under Subchapter H violates the irrebuttable presumption doctrine. ***See Davey, supra***.

[9] We note that our Supreme Court further held that Subchapter H is not punitive. ***See id.*** at *26. This determination was a necessary predicate to other constitutional claims in ***Torsilieri*** "regarding the separation of powers doctrine, the United States Constitution's prohibition on cruel and unusual punishment, and the right to a trial by jury—[which depended] upon a determination that Subchapter H is punitive legislation." ***Id.*** at *18, *26. ***See also Butler II, supra*** (holding provisions of Revised Subchapter H applicable to SVPs are not punitive). Here, Appellant advances no constitutional argument on appeal aside from his irrebuttable presumption attack. To the extent that Appellant arguably advances any similar constitutional challenges, they fail.

that would be inconsistent with or go beyond that which was presented in *Torsilieri*. In fact, Appellant's failure to present evidence to support his constitutional claims is reason enough to deny relief.[10] *See Commonwealth v. Villanueva-Pabon*, 304 A.3d 1210 (Pa.Super. 2023) (holding appellant failed to satisfy burden to prove unconstitutionality of SORNA II provisions applicable to him where appellant made strategic decision to forego offering live testimony in hope that trial court or this Court would stay any decision on merits pending outcome of proceedings in *Torsilieri*; without any scientific studies, appellant cannot make colorable argument that General Assembly's factual presumptions have been undermined by recent scientific studies). For all of these reasons, Appellant's third issue on appeal fails.[11] Accordingly, we affirm.

_____

[10] The trial court explained that during a telephone conference with counsel on March 28, 2022, Appellant's counsel requested additional time before the court ruled on his post-sentence motions to submit further legal argument regarding his constitutional claims, or to request the court to conduct an evidentiary hearing. The court granted the request for additional time to rule on the post-sentence motions. "Ultimately, [Appellant's] counsel decided only to submit an additional brief on the SORNA issue as opposed to request an evidentiary hearing." (Opinion at 7). As the court went on to state: "No…evidentiary hearing occurred in this case nor was any evidentiary hearing requested. Therefore, based on the present record, this [c]ourt believes that there is no basis to find the statute unconstitutional or declare that it is unconstitutional as applied to [Appellant]." (*Id.*)

[11] Although Appellant presented both an "as applied" and "facial" constitutional challenge, our analysis applies equally to both attacks. We also note that Appellant's reliance on *Muhammad, supra* is completely inapposite. In that case, this Court held that the 15-year registration provision as applied to the
*(Footnote Continued Next Page)*

- 15 -

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

6/27/2024

---

appellant was unconstitutional under the irrebuttable presumption doctrine. The appellant's registration requirements in that case arose as a result of her convictions for interference with custody of children and conspiracy to interfere with custody of children. Prior to the case, the appellant had no criminal history. Further, there was "no evidence in this case that [the a]ppellant committed or intended to commit any acts of a sexual nature." *Id.* at 1158. Rather, the facts of *Muhammad* arose from a custody dispute. Nothing in the record suggested that the appellant was a "high risk to commit additional (or any) sexual offenses." *Id.* at 1159. By contrast, Appellant pled guilty to a multitude of sex offenses and was designated an SVP. Thus, the facts in *Muhammad* are easily distinguishable from the facts of this case.

- 16 -